**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ABRAHAM YEPEZ-GALINDO, AKA
Abraham Galindo Yepez, AKA Abraham
Yepez Galindo,

              Petitioner,

   v.

JEFFERSON B. SESSIONS III, Attorney
General,

              Respondent.

No.    17-72540

Agency No. A076-638-808

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

     Abraham Yepez-Galindo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

--------

       *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Even if extortion threats to his mother and his uncle's shooting constituted changed circumstances, the record does not compel the conclusion that Yepez-Galindo filed his asylum application within a reasonable period of time. *See* 8 C.F.R. § 1208.4(a)(4); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008) (364-day delay in filing after showing of extraordinary circumstances was not reasonable).

The BIA did not err in finding that Yepez-Galindo did not establish membership in a cognizable social group. *See Ramirez-Munoz v. Lynch,* 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder,* 600 F.3d 1148, 1151-1152 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" does not constitute a particular social group).

Finally, substantial evidence also supports the agency's denial of CAT relief

because petitioner failed to show it is more likely than not he would be tortured if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**